```
                                              FILED
         UNITED STATES DISTRICT COURT         MAR 26 2014
           DISTRICT OF SOUTH DAKOTA
```

```
                 SOUTHERN DIVISION
```

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| STACY J. MONGAR, | * | CIV 12-4101 |
|  | * |  |
| Plaintiff, | * |  |
|  | * | ORDER GRANTING SUMMARY |
| vs. | * | JUDGMENT ON EMOTIONAL |
|  | * | DISTRESS CLAIM |
| HARTFORD LIFE INSURANCE COMPANY, | * |  |
|  | * |  |
| Defendant. | * |  |
|  | * |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

By Order issued on October 15, 2013, this Court denied Hartford Life Insurance Company's (Hartford) motion for summary judgment except as to plaintiff Stacy Mongar's (Mongar) claim for intentional infliction of emotional distress. The Court reserved ruling on that issue and heard argument on the emotional distress claim at the motion and pre-trial conference on November 4, 2013. Having now fully considered all of the evidence and argument on the intentional infliction of emotional distress claim, the Court will grant Defendant's motion for summary judgment on that claim for the following reasons.

## DISCUSSION

<u>Principles of Summary Judgment</u>

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c)(1); *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 257 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of its pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c)(1); *Anderson*, 477 U.S. at 257; *City of Mt. Pleasant v. Associated Elec. Coop., Inc.*, 838 F.2d 268, 273-74 (8th Cir. 1988).

In order to establish the tort of intentional infliction of emotional distress, a plaintiff must prove:

> (1) an act by defendant amounting to extreme and outrageous conduct; (2) intent on the part of the defendant to cause plaintiff severe emotional distress; (3) the defendant's conduct was the cause-in-fact of the plaintiff's injuries; and (4) the plaintiff suffered an extreme disabling emotional response to defendant's conduct.

*Tibke v. McDougall*, 479 N.W.2d 898, 906 (S.D. 1992). The requirement that the defendant's conduct be gross and extreme is based on the supreme court's judgment that such conduct is more likely to cause the required level of emotional distress and its determination to avoid litigation "in the field of bad manners." *Id.* at 907. Thus, this tort "requires conduct exceeding all bounds usually tolerated by decent society and which is of a nature especially calculated to cause, and does cause, mental distress of a very serious kind." *Id.*

The evidence regarding Mongar's emotional response to defendant's conduct is not sufficient to survive summary judgment. Mongar claims she lost sleep and experienced chest and back pain. Initially she could not go to a doctor because she was the sole income-earner and they had no income or insurance. Eventually she went to a doctor for her chest pain, but she could not name the doctor and she did not recall if they related the chest pain to stress. Mongar consulted a doctor about her back pain, but she could not recall what doctor she saw or whether the doctor related the back pain to her stress. No medical records were submitted to document her ailments, and Mongar has not referred to an expert to testify that she suffered emotional or physical problems as a result of Hartford's actions. Mongar testified that she experienced anxiety and embarrassment and had to consult with pastors and counselors at her church.

While the Court is sensitive to the difficulties that Mongar endured when she found herself unemployed, her situation is not markedly different from that of any other person who lost his or her job. Lost sleep, anxiety and needing someone to talk to for support are the norm in such a situation and certainly are not the manifestation of an extreme disabling emotional response. Accordingly, Hartford will be granted summary judgment on this claim.

**IT IS ORDERED** that Defendant's Motion for Summary Judgment, Doc. 37, is granted in part as to Plaintiff's claim for intentional infliction of emotional distress in Count III of the Complaint.

Dated this 26th day of March, 2014.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)     DEPUTY